IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDER WILLIAMS, §<br>  #19042243, §<br>         PETITIONER, §<br>  §<br>v.  §  CIVIL CASE NO. 3:19-CV-2979-N-BK<br>  §<br>MARIAN BROWN, DALLAS COUNTY §<br>SHERIFF,[1] §<br>         RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Alexander Williams' *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

### I.  BACKGROUND

Williams, a state pretrial detainee confined in the Dallas County Jail, challenges the state criminal charge pending against him. He is awaiting trial on a grand jury indictment charging him with possession with intent to distribute a controlled substance. *State v. Williams*, No.

---

[1] The Court substitutes Marian Brown, Dallas County Sheriff, as the Respondent in this action. "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).

F1955255 (283rd Judicial Dist. Court, Dallas Cty.); Doc. 3 at 3.[2] Williams requests that the charge be dismissed and that he be released from confinement because of (1) the denial of an examining trial and (2) counsel's ineffective assistance in failing to investigate the events that led to his arrest. Doc. 3 at 5-8; *see also* Doc. 7, *Motion to Dismiss* pending state charge.[3]

Upon review, the Court now finds that Williams has failed to exhaust available state court remedies. Therefore, his petition should be dismissed.

**II. ANALYSIS**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[4]

In light of his *pro se* status, the Court liberally construes Williams' petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "'in custody

---

[2] The state court docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed Jan. 21, 2020). Williams has two other Dallas County charges pending against him for possession of a controlled substance--Case Nos. F1834468 and F1872125T. In early December 2019, he filed a habeas corpus petition challenging the first of those charges. *Williams v. Sterrett*, No. 3:19-2905-X-BH (N.D. Tex.).

[3] Williams also complains that the arresting officer assaulted him in an Enterprise Rent-a-Car parking lot because he purportedly evaded arrest. Doc. 3 at 6-7. To the extent Williams asserts civil rights violations against the officer stemming from that incident, his claims are not cognizable in this habeas corpus action.

[4] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered by section 2254.

regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available ... remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure in the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08 (West 2020). If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2

Williams has not satisfied the exhaustion requirement. A review of his *Petition* confirms that he did not file an Article 11.08 state habeas application raising his claims. Doc. 3 at 2

Page **3** of **5**

(acknowledging only the filing of "prior habeas corpuses" with no response from the court). Further, a search of online docket sheets reflects the filing of no Article 11.08 state habeas application or appeal.[5]  Therefore, the Texas Court of Criminal Appeals has not had an opportunity to consider Williams' claims and, consequently, they remain unexhausted.

### III.  CONCLUSION

For the foregoing reasons, the habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

The Clerk of the Court is directed to substitute Marian Brown, Dallas County Sheriff, as the Respondent in this action.

**SO RECOMMENDED** on February 21, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] The Texas Court of Criminal Appeals and Texas Fifth District Court of Appeals docket sheets are available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed Jan. 21, 2020).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).